## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN WEBSTER ALSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY L. PETTIS MEMORIAL<br>VETERANS AFFAIRS MEDICAL CENTER<br>LOMA LINDA, et al.,<br><br>        Defendants. | NO. EDCV 07-01265-SGL (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

On September 28, 2007, Plaintiff Warren Webster Alston ("Plaintiff"), an individual proceeding pro se, lodged a Complaint pursuant to 42 U.S.C. § 1983. The Complaint was filed on October 9, 2007 after the Court granted Plaintiff's request to proceed in forma pauperis.

Where a plaintiff is proceeding in forma pauperis, Congress has mandated that a court shall dismiss a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000)(en banc). For the reasons stated below, the Complaint is dismissed with leave to amend.

**ALLEGATIONS OF THE COMPLAINT**

In the Complaint, Plaintiff alleges violations against the Jerry L. Pettis Memorial Veterans Affairs Medical Center ("VA Medical Center") and the Department of Veterans Affairs Medical Center Police Department ("VA Police Department") both in Loma Linda, California. (Complaint at 1). In addition, he raises claims against the following employees of the VA Police Department: (1) Officer Reyes, (2) Officer Pratt, (3) Officer Price, (4) Officer Santos, and (5) Officer Landin, and the following employees of the VA Medical Center: (1) Betty Stepien, (2) Yi Tang, (3) Alma Gonzaga, (4) Ofelia A. Willis, (5) Joshua M. Buley, (6) Lawrence K. Loo, (7) Julia Berrospi-Chia, (8) James Huange, (9) Emily Terrado, (10) Arthur W. Fluker, (11) Alice S. Hsu, (12) Lydia Guerrero, (13) Roland K. Baranov, (14) "Dr. John Doe, . . ., aka Dr. Salinas, identified as ER Director," (15) Craig Curtis, (16) "Johnny Doe, aka JW EKG technician," (17) Cynthia Peratsakis, (18) Phillip J. Campbell, (19) Anita L. Porter, (20) Phyllis Dykes, and (21) Dean Stordahl (all defendants collectively, "Defendants"). (Complaint at 2-3).

Plaintiff contends that from February 23, 2007 through the date the Complaint was filed Defendants "have participated in unlawful and unauthorized conduct resulting in [his] personal injury" and in violation of the First and Fourteenth Amendments, "42 U.S.C.A. Sections 12101, 12203, and 12209; CCCP 20, 422.55-.56, 518, 11412, CC 51, 51.7,

54 54.1, 148.5; [and] Common Law." (Complaint at 4). He also lists various claims against each defendant. For example, against the VA Medical Center he alleges "discrimination (race, color, religion, gender, disability and national origin), defamation of character, slander, false documentation, false accusations, physical assault, false imprisonment, theft, extortion, malpractice with the intent to inflict harm, breach of patient's medical records confidentiality, [and] unlawful billing for services not provided." (Complaint at 4-5; see also Complaint at 5-11). Plaintiff seeks 20,390,000 dollars in damages. (Complaint at 3).

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss Plaintiff's Complaint because it fails to state a claim upon which relief can be granted. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)(per curiam). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[1]

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action based on a plaintiff's failure to conform generally with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(b). The

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

instant Complaint reflects numerous violations of Federal Rule of Civil Procedure 8 ("Rule 8"), entitled "General Rules of Pleading." Rule 8(a)(2) dictates that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996)(citation omitted). In addition, Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Here, the Complaint does not include any factual allegations. Plaintiff instead provides only a list of violations allegedly committed by each defendant. As such, the Complaint does not satisfy the minimal pleading requirements of Rule 8. See Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1965 & n.3, 167 L. Ed. 2d 929 (2007)("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a complaint could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Where the violation of Rule 8 is egregious, as in this case, dismissal is appropriate. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996)(affirming dismissal of amended complaint with prejudice for violation of Rule 8 because it was prolix and "fail[ed] to perform the essential functions of a complaint"). Thus, the Complaint is dismissed for violation of Rule 8. Plaintiff, however, is granted leave to amend.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. The First Amended Complaint shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaint.

Plaintiff is again advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." For each of his claims, he should clearly state which of his civil rights he alleges was violated, the defendant(s) that caused the violation(s), and the specific acts of misconduct by the named defendant(s) that caused the violation(s). Defendant should omit any defendants that did not engage in any of the alleged violations.

**Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** This form "suffice[s] under these rules and illustrate[s] the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be**

**dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that, if he does not wish to pursue his action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this Order as well.**

DATED: January 2, 2008

_____/s/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE